UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLAN RAY VIA, | : | 3:22-cv-00727 (KAD) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| RESPONDENT, | : | JUNE 10, 2022 |
| Respondent. | : | |

**ORDER OF DISMISSAL**

Petitioner Allan Ray Via filed this habeas corpus petition *pro se.* Petitioner is an inmate at Albemarle-Charlottesville Regional Jail in Charlottesville, Virginia, having been convicted of murder and unlawful possession of a gun and ammunition. ECF No. 1, at 1.[1] Ray challenges his conviction and asserts that he received ineffective assistance of counsel. *Id.* at 5–10.[2] Ray was convicted and sentenced in Albemarle County Circuit Court in Charlottesville, Virginia, and in the Petition, Ray states that he did not seek an appeal of his conviction or sentence nor any collateral review. *Id.* at 2–3.

**Discussion**

Federal district courts may only grant petitions for writs of habeas corpus that fall "within their respective jurisdictions." 28 U.S.C. § 2241(a). *See also Smart v. Goord*, 21 F. Supp. 2d 309, 314 (S.D.N.Y. 1998) (stating that a prisoner may file his § 2254 petition in "any court with jurisdiction over the prisoner or h[is] custodian"). Because a writ of habeas corpus operates upon the prisoner's custodian, and not the prisoner, it follows that a court may only entertain a writ of habeas corpus if the prisoner's custodian falls within the court's jurisdiction. *See Braden v. 30th*

---

[1] All citations to the Petition are to page numbers.
[2] Petitioner also appears to be asserting a claim under 42 U.S.C. § 1983 for money damages for Eighth Amendment violations with respect to the conditions of his confinement. *See id.* at 16–28.

*Judicial Circuit Court of Kentucky,* 410 U.S. 484, 494–95 (1973); *see also Kuei-Sen Tung v. United States*, 755 F. Supp. 18, 19 (D.D.C. 1991) ("A court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.") (citing *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)).

Petitioner was charged, convicted, and sentenced in Virginia. Though he has not named a respondent, Petitioner seeks release from his incarceration in Virginia. Thus, the Connecticut District Court has no jurisdiction to afford Petitioner relief in this matter because he is not confined in this District and was not convicted or sentenced in this District. Indeed, the Petition provides no connection to the District of Connecticut at all, and the Court cannot independently discern one. This Court is therefore without power to hear this petition.

When a petitioner brings a § 2254 petition in the incorrect district, a court may transfer that habeas petition to a district with jurisdiction or dismiss the action. *See Davalloo v. Kaplan*, 256 F. Supp. 3d 482, 483–85 (S.D.N.Y. 2017); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

The Court will dismiss rather than transfer this action because Petitioner acknowledged that he has not satisfied the prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254: Exhaustion of his available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State").

**Conclusion**

For the foregoing reasons, the Petition is DISMISSED without prejudice to refiling in the Western District of Virginia.

The Clerk of the Court is directed to close this case.

**SO ORDERED** this 10th day of June 2022 at Bridgeport, Connecticut.

> */s/ Kari A. Dooley*
> Kari A. Dooley
> United States District Judge